[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16693
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cv-00102-RH-CAS

LINDA H. MOSER,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 25, 2017)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Linda Moser appeals the summary judgment in favor of her former

employer, the Florida Department of Corrections, and against her complaint of

employment discrimination and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2(a), -3(a), and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01(1). The district court also entered summary judgment against Moser's complaint that the Department violated the Florida Public Sector Whistleblower Act, Fla. Stat. § 448.101, *et seq.*, but Moser has abandoned any challenge that she could have raised to that adverse ruling. *See Hamilton v. Southland Christian School, Inc.*, 680 F.3d 1316, 1318–19 (11th Cir. 2012). Moser argues that she presented sufficient evidence of pervasive gender-based harassment by the Warden of the Okaloosa Correctional Institution to support her complaints of a hostile work environment and of retaliation. We affirm.

We review a summary judgment *de novo*. *Moton v. Cowart*, 631 F.3d 1337, 1341 (11th Cir. 2011). We view the evidence in the light most favorable to the non-moving party. *Id.* Summary judgment is appropriate when the movant establishes that there is no genuine dispute of a material fact and that it is entitled to a judgment in its favor as a matter of law. *Id.*

The district court did not err by entering summary judgment against Moser's complaint of a hostile work environment. Title VII and the Florida Civil Rights Act prohibit an employer from discriminating against an employee with respect to the "terms, conditions, or privileges of employment, because of" her gender.  42

U.S.C. § 2000e-2(a)(1); Fla. Stat. § 760.10(1)(a). But Moser failed to prove that she was subjected to unwelcome harassment because of her gender. *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002). Moser speculated that her gender was the reason that the warden assigned her more duties than those required of her male precedessor, Jimmy Jeffery; that she did not receive assistance from fellow employees; and that she did not receive a permanent set of keys. But Moser presented no evidence that she suffered harassment based on her sex. The Warden testified that he promoted Moser to supervise the mailroom, commended her for her work ethic and named her employee of the month, and later promoted her to fill Jeffery's position as general services supervisor, with the warning that she would have to assume additional responsibilities. Jeffery and the Warden stated that the mail department was understaffed early in Moser's and Jeffery's tenures, and Jeffery averred that he completed his extra duties by asking coworkers to repay his past favors. The Warden testified that he tried to assist Moser by volunteering officers to perform extra duties when they were available. Moser provided no evidence "that but for the fact of her sex, she would not have been the object of [the alleged] harassment." *See Henson v. City of Dundee*, 682 F.2d 897, 904 (11th Cir. 1982).

The district court also did not err by entering summary judgment against Moser's complaint that she was terminated in retaliation for filing a grievance

3

against the Warden based on his discrimination. Even if we were to assume, like the district court, that Moser established a prima facie case of retaliation in violation of Title VII and the Florida Civil Rights Act, 42 U.S.C. § 2000e-3(a); Fla. Stat. § 760.10(7), the Warden provided a legitimate, nonretaliatory reason for Moser's termination, *see Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). The Office of the Inspector General discovered that Moser had emailed a literary journal endeavoring to misappropriate prize money that it had awarded to an inmate, Charles Norman; that Moser had filed a disciplinary action against Norman falsely accusing him of failing to submit a waiver renouncing the prize; and that Moser returned a letter to Norman under the false pretense that he was operating a business in violation of prison rules. Moser acknowledged that Norman had submitted a waiver of compensation and that his letter had not concerned a business, and Moser's assistant, Kimberly Kenealy, stated that Moser had a "vendetta" against Norman. The Warden fired Moser based on the findings of an independent investigator that Moser had acted with negligence, had failed to answer truthfully questions related to the performance of her official duties, had engaged in conduct unbecoming a public employee, and knowingly had submitted inaccurate or untruthful information.

Moser failed to present any circumstantial evidence that her termination was a pretext for discrimination or retaliation. That the investigation commenced after

4

Moser filed her grievance against the Warden and concerned misconduct Moser committed a year earlier is, as the district court stated, "sheer coincidence." Norman instigated the investigation by reporting Moser's misdeeds to the Warden, who then promptly transferred the matter to the Inspector General. Moser argued that the investigation was flawed and the report was defective, but "[w]e are not in the business of adjudging whether employment decisions are prudent or fair. Instead, our sole concern is whether unlawful discriminatory animus motivates [the] challenged employment decision." *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002) (quoting *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1361 (11th Cir. 1999)). Moser blamed her termination on the Warden's remarks that they "don't like each other" and she was not a "team player," but those remarks do not suggest the Warden harbored any discriminatory animus. Moser also argued that she was fired because, according to Jeffery, the Warden had a tendency to "h[o]ld a vendetta . . . [and] bring up stuff from the past when it would suit his purpose," but the Warden fired Moser after receiving the investigator's report. *Ellis v. England*, 432 F.3d 1321, 1326 (11th Cir. 2005) ("mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion"). Moser failed to prove that discrimination or retaliation was the motivation for her termination.

Moser also failed to prove that other employees were treated more favorably than her. Moser argued that Kenealy was not disciplined for disavowing that Norman had filed a waiver of compensation, but Kenealy was not an adequate comparator. *See Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004). Kenealy was a member of Moser's protected class, was her subordinate, and was not the target of the investigation into the misappropriation of Norman's prize money and filing a false disciplinary charge against Norman. "[T]he quantity and quality of [a] comparator's misconduct [must] be nearly identical" to evidence discriminatory discipline. *Burke-Fowler v. Orange Cty., Fla.*, 447 F.3d 1319, 1323 (11th Cir. 2006) (quoting *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999)).

We **AFFIRM** the summary judgment in favor of the Warden.